IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James John Todd Kincannon, | C/A No.: 3:17-360-MGL-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Nicole Howland, | |
| Defendant. | |

James John Todd Kincannon ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against Nicole Howland ("Defendant"), seeking a declaratory judgment pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). [ECF No. 1 at 1]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.  Factual and Procedural Background

Plaintiff alleges Lexington County Sheriff's Department officers arrested him on April 6, 2015, and charged him with criminal domestic violence, first offense, in connection with a March 26, 2015 marital dispute between Plaintiff and his former wife. [ECF No. 1 at 3–4]. Plaintiff states Defendant "appeared on behalf of the State of South Carolina in the matter, representing that she was a 'special prosecutor' authorized to

handle criminal domestic violence prosecutions in Lexington County." *Id.* at 4. Plaintiff claims he began having doubts about "Defendant's authority to represent the State in the proceeding when Defendant engaged in conduct in connection with a June 30, 2016 court appearance that would be completely improper for a prosecutor representing the State of South Carolina." *Id.* at 5. Plaintiff alleges Defendant told him she intended to drop his pending charge if he made concessions to his former wife in an unrelated civil dispute. *Id.* Plaintiff states he declined Defendant's offer and moved to have her disqualified as the prosecutor. *Id.* Plaintiff claims his motion was based, in part, on his discovery that Defendant was not lawfully authorized to represent South Carolina in his criminal case. *Id.* Plaintiff alleges Defendant voluntarily withdrew as the special prosecutor on August 25, 2016. *Id.* at 5–6.

Plaintiff states he plans to file a 42 U.S.C. § 1983 action "seeking monetary relief against Defendant based on alleged violations of Plaintiff's federally protected civil rights" in connection with her conduct in his state criminal case. *Id.* at 2. Plaintiff alleges he anticipates filing his action in forma pauperis and believes his complaint will be subject to mandatory dismissal procedures of 28 U.S.C. § 1915(e)(2)(B)(iii), which states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . seeks monetary relief against a defendant who is immune from such relief.

Plaintiff seeks a declaratory judgment concerning whether, under the facts of his contemplated future complaint, Defendant would be entitled to prosecutorial immunity.

2

[ECF No. 1].

II.     Discussion

    A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can

3

ignore a clear failure in the pleadings to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

Plaintiff seeks a declaratory judgment

> as to whether Defendant has prosecutorial immunity for all or some of her actions relating to the criminal prosecution against Plaintiff and, therefore, whether 28 U.S.C. § 1915(e)(2)(B)(iii) would apply to an action filed pursuant to 28 U.S.C. § 1915 seeking monetary relief for civil rights violations committed by Defendant in that connection.

[ECF No. 1 at 2]. Plaintiff argues he "does not wish his contemplated complaint to be subject to mandatory dismissal" based on immunity. *Id.*

Under the Declaratory Judgment Act, 28 U.S.C. § 2201, a district court, in its discretionary authority, "may declare" the rights of interested parties. 28 U.S.C. § 2201(a). A declaratory judgment action must satisfy Article III's case-or-controversy requirement. *Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). The dispute must be "'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Medimmune, Inc. v. Genentech*, 549

4

U.S. at 127. "Federal courts are not comprised of philosopher-kings or legislative aides, and the Constitution forbids us from pontificating about abstractions in the law or merely giving advice about the potential legal deficiencies of a law or policy when no ongoing controversy exists with respect to that law or policy." *Incumaa v. Ozmint*, 507 F.3d 281, 289 (4th Cir. 2007).

The underlying controversy between Plaintiff and Defendant concerns whether Plaintiff may be entitled to monetary damages for Defendant's purported violation of his civil rights. Plaintiff, however, has not sought a final determination of this controversy. Instead, Plaintiff seeks a declaration concerning a ruling that the court may, or may not, make concerning immunities available to Defendant in the anticipated case Plaintiff contemplates filing. Such hypothetical scenarios fail to present a justiciable question. *See Calderon v. Ashmus*, 523 U.S. 740, 746 (1998) (finding no Article III jurisdiction to issue an advance ruling on an issue collateral to the actual case or controversy); *Miller v. Augusta Mut. Ins. Co.*, 157 F. App'x 632, 637 (4th Cir. 2005) (finding declaratory judgments actions "must still present a justiciable controversy rather than abstract, hypothetical or contingent questions.") As Plaintiff seeks to determine a collateral legal issue governing certain aspects of a future case, there is no real controversy of sufficient immediacy and reality to warrant this declaratory judgment action. Accordingly, the undersigned recommends Plaintiff's complaint be summarily dismissed for lack of subject matter jurisdiction.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process. If the district judge accepts this recommendation, Plaintiff's motion for issuance of summons [ECF No. 7] and motion for summary judgment [ECF No. 9] will be rendered moot.

IT IS SO RECOMMENDED.

February 24, 2017                                              Shiva V. Hodges
Columbia, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).